**Karen FUJITA, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 17-70050

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed October 26, 2017

Karen Fujita, Pro Se

Anthony T. Sheehan, Esquire, Attorney, Teresa Ellen McLaughlin, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent-Appellee

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Karen Fujita appeals pro se from the Tax Court's summary judgment sustaining the Commissioner of Internal Revenue's collection action for the 2003 and 2009 tax years. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo. *Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012). We affirm.

The Tax Court properly granted summary judgment because the settlement officer did not abuse his discretion in sustaining the proposed collection action for tax years 2003 and 2009. *See* 26 U.S.C. § 6330(c)(3) (setting forth matters an appeals officer must consider in making a determination to sustain a proposed collection action); 26 U.S.C. § 6330(c)(2)(B) (a taxpayer may challenge the underlying tax liability only "if the person did not receive any statutory notice of deficiency … or did not otherwise have an opportunity to dispute such tax liability").

In light of our disposition, we do not consider Fujita's contentions challenging the validity of the underlying tax assessments.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Fujita's contentions concerning sanctions and violations of due process.

Fujita's request for judicial notice (Docket Entry No. 12) is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.